IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MUSCOGEE CREEK NATION, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:12cv01079-MHT-CSC |
| **POARCH BAND OF CREEK INDIANS, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

### ANSWER OF DEFENDANT AUBURN UNIVERSITY

Defendant Auburn University ("Auburn") answers the plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

### I. INTRODUCTION

1. Admitted that Hickory Ground is a parcel of land located near Wetumpka, Alabama. The remaining allegations in this paragraph are denied.

2. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the cost of the casino project and the date that the project was announced and, therefore, denies those allegations. The remaining allegations in this paragraph are denied.

### II. JURISDICTION AND VENUE

3. Auburn admits that this Court has subject matter jurisdiction over this action generally under 28 U.S.C. § 1331, but denies that it is subject to the Court's jurisdiction.

4. Auburn admits that Plaintiffs purport to state claims against the defendants under the various federal statutes, but denies that it is subject to suit or liable under said statutes.

5-6. Admitted.

226633.1

      7.      Denied.

      8.      This paragraph contains no allegations against Auburn; therefore, no response is required of Auburn. To the extent a response is required, Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, denies those allegations.

### III.    PARTIES

    9-14.    Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs and, therefore, denies those allegations.

      15.      Auburn admits that is an institution of higher learning that receives federal funds. Auburn denies that it has exercised exclusive "possession or control" over any cultural items excavated at Hickory Ground. Auburn admits that Plaintiffs purport to have added Auburn as a party solely to the extent that this Court enters orders concerning the possession, custody, control, or relocation of cultural items at issue.

    16-19.    Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs and, therefore, denies those allegations.

### III.    FACTUAL BACKGROUND

    20-28.    These paragraphs contain no allegations against Auburn; therefore, no response is required of Auburn. To the extent a response is required, Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of these paragraphs and, therefore, denies those allegations.

36-40. Auburn denies the allegations of these paragraphs to the extent they are directed towards Auburn. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

## V. FACTS SUPPORTING CLAIM UNDER
## INDIAN REORGANIZATION ACT

41-42. The Indian Reorganization Act of 1934 (IRA), 25 U.S.C. §§ 461, *et seq*., speaks for itself; therefore, Auburn denies the allegations of these paragraphs to the extent they are inconsistent with the IRA.

43-47. Auburn denies that it has violated IRA or any other statute or regulation. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

## VI. FACTS SUPPORTING CLAIMS UNDER
## ARCHAEOLOGICAL RESOURCES PROTECTION ACT

48. The Archaeological Resource Protection Act (ARPA), 16 U.S.C. §§ 470aa, *et seq*., speaks for itself; therefore, Auburn denies the allegations of this paragraph to the extent they are inconsistent with the ARPA.

49-51. Auburn denies that it has assisted in any excavation activities at Hickory Ground without an ARPA permit being in place and denies that it has violated ARPA or any statute or regulation. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

52-67. Auburn denies that the ARPA permits issued in connection with the Hickory Ground project were improperly or fraudulently obtained and denies the remaining allegations in these paragraphs.

## VII.  FACTS SUPPORTING CLAIM UNDER NATIONAL HISTORIC PRESERVATION ACT

68. The National Historic Preservation Act (NHPA), 16 U.S.C. §§ 470aa, *et seq*., speaks for itself; therefore, Auburn denies the allegations of this paragraph to the extent they are inconsistent with the NHPA.

69-80. Auburn denies that it has violated NHPA or any other statute or regulation. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

## VIII. FACTS SUPPORTING CLAIM UNDER NATIVE AMERICAN GRAVES PROTECTION AND REPATRIATION ACT

81. The Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001-3013, *et seq*., speaks for itself; therefore, Auburn denies the allegations of this paragraph to the extent they are inconsistent with NAGPRA.

82-94. Auburn denies that it has violated NAGPRA or any other statute or regulation. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

## IX. FACTS SUPPORTING CLAIM UNDER

## THE AMERICAN INDIAN RELIGIOUS FREEDOM AND

## THE RELIGIOUS FREEDOM RESTORATION ACT

95. The American Indian Religious Freedom Act (AIRFA), 42 U.S.C. §§ 1996, *et seq*., and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb, et seq., speak for themselves; therefore, Auburn denies the allegations of this paragraph to the extent they are inconsistent with the AIRFA and the RFRA.

96-99. Auburn denies that it has violated AIRFA and RFRA or any other statute or regulation. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

## COUNT I
## PRELIMINARY AND PERMANENT INJUNCTION

100. Auburn adopts and incorporates by references its response to paragraphs 1 through 99 as if fully set forth herein.

101-106. Auburn denies the allegations of these paragraphs to the extent they are directed towards Auburn. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

Auburn denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE" following paragraph 106 of the Complaint and denies that entry of any injunction is necessary to assure its compliance with any applicable law, regulation or decision by this Court. Auburn will follow any orders or directives of this court without the necessity of a formal injunction.

## COUNT II
## DECLARATORY JUDGMENT

107. Auburn adopts and incorporates by references its response to paragraphs 1 through 106 as if fully set forth herein.

108. Auburn admits that Plaintiffs purported to bring this claim pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P.

109-110. Auburn denies the allegations of these paragraphs to the extent they are directed towards Auburn. Auburn is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in these paragraphs as they pertain to other defendants and, therefore, denies those allegations.

Auburn denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE" following paragraph 110 of the Complaint.

### Additional Defenses

1. Except as specifically admitted herein, Auburn denies each and every allegation of the Complaint and demands strict proof thereof.

2. Auburn, as an arm of the State of Alabama, is protected from suit, and from all claims asserted herein against Auburn, by the Eleventh Amendment of the United States Constitution; and the Court thus lacks subject matter jurisdiction over any claims asserted against Auburn.

4. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Auburn.

5. Auburn denies that (i) it has violated any statute or federal regulation, and (ii) Plaintiffs have been deprived of any legally cognizable right or interest as a result of the alleged action or inaction of Auburn.

6. Any recovery is barred, or must be reduced, by principles of waiver, consent, estoppel (judicial, legal, and equitable), release, acquiescence, unclean hands, and/or because Plaintiffs have not done equity.

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

8. Plaintiffs' claims are barred, in whole or in part, because they lack standing.

9. Plaintiffs have failed to satisfy the prerequisites, jurisdictional or otherwise, to maintain some or all of the claims asserted.

10. Plaintiffs' claims are barred, in whole or in part, because they are moot.

## Right to Assert Additional Defenses

Auburn reserves the right to supplement this answer to raise additional factual and legal defenses as they may become known through discovery and during the proceedings in this case.

Dated this 6th day of February, 2013.

                                                                             *s/David R. Boyd*
                                                                             One of the Attorneys for Defendant Auburn University

**OF COUNSEL:**

| | |
|---|---|
| David R. Boyd (ASB-0717-D52D) | Lee F. Armstrong (ASB-8477-R71L) |
| dboyd@balch.com | armstlf@auburn.edu |
| G. Lane Knight (ASB-6748-I72K) | Auburn University |
| lknight@balch.com | General Counsel |
| Balch & Bingham LLP | 101 Samford Hall |
| Post Office Box 78 | Auburn, AL 36849 |
| Montgomery, AL 36101-0078 | 334/844-5176 |
| 334/834-6500 | 334/844-4575 (fax) |
| 334/269-3115 (fax) | |

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

William Joseph Baxley
Stewart Davidson McKnight, III
Baxley, Dillard, McKnight & James
2008 Third Avenue South
Birmingham, AL  35233

Brendan Ludwick
5042 Wilshire Blvd., #23340
Los Angeles, CA  90036

Charles Alexander Dauphin
Dauphin Paris LLC
300 Vestavia Parkway, Suite 3400
Vestavia Hills, AL  35216

David C. Smith
Kilpatrick Townsend & Stockton LLP
607-14th Street, NW, Suite 900
Washington, DC  20005

Mark H. Reeves
Kilpatrick Townsend & Stockton LLP
699 Broad Street, Suite 1400
Augusta, GA  30901-1453

J. Lister Hubbard
William A. Sheehan
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, AL  36104

Julia Forrester-Sellers
Larry Bailey Lipe
Conner & Winters LLP
4000 One Williams Center
Tulsa, OK  741721

J. Marshall Gardner
Vickers, Riis, Murray and Curran, L.L.C.
Post Office Drawer 2568
Mobile, AL  36652

D. H. Griffin Wrecking Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

James Joseph DuBois
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL  36101

Jody Helen Schwarz
U.S. Department of Justice, Environment
 and Natural Resource
Post Office Box 7611
Washington, DC  20044

                                        *s/David R. Boyd*
                                        Of Counsel