IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MUSCOGEE CREEK NATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| POARCH BAND OF CREEK INDIANS, et al., | ) | Civil Action Number: 2:12-cv-01079-MHT-CSC |
| | ) | |
| Defendants. | ) | |

**TRIBAL DEFENDANTS' MOTION TO SUBMIT
SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

On September 3, 2015, the Eleventh Circuit followed in the footsteps of the Ninth Circuit's *en banc* decision in *Big Lagoon Rancheria v. California*, 789 F.3d 947 (9th Cir. 2015) (en banc), by rejecting the notion that parties can use untimely, collateral litigation to challenge the United States' decisions to take land into trust for the benefit of an Indian tribe. *See Alabama v. PCI Gaming Auth.*, --- F.3d ----, Case No. 14-12004 (11th Cir. Sept. 3, 2015), a copy of which is attached as Exhibit A. The Court explained that "[t]he proper vehicle for [a party] to challenge the Secretary's decisions to take land into trust for the Tribe is an APA claim. … [a party] cannot raise … a collateral challenge to the Secretary's authority to take the lands at issue into trust." *PCI Gaming*, --- F.3d at ----, slip op. at 21 (citing *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2208 (2012)). Accordingly, it is now clear in this Circuit that collateral challenges to the legal status of the Poarch Band's Trust Lands are invalid as a matter of law.

The Eleventh Circuit went on to explain that a direct APA challenge to the legal status of the Trust Lands would fare no better. "Because the Secretary accepted the lands at issue into trust

1

for the Tribe in 1984, 1992, and 1995, the statute of limitations to challenge those decisions had run by 1991, 1999, and 2002, respectively." *PCI Gaming*, --- F.3d at ----, slip op at 23. The window to mount a timely APA challenge having long since closed, the Court found itself "in no position … to disturb the Secretary's long-ago decisions to take the lands in question into trust …." *Id.* at 24. Accordingly, the Court held, the Poarch Band's trust lands "are properly considered 'Indian lands'" and any attempt to challenge their legal status is time barred.

These holdings further validate arguments previously made by the Tribal Defendants. For this reason, and because the Eleventh Circuit's decision is controlling authority in this Court and references other case law previously submitted as supplemental authority in this case, the Tribal Defendants respectfully request that the Court take notice of this supplemental authority in its consideration of the pending motions to dismiss.

Respectfully submitted this 4th day of September.

/s/ Charles A. Dauphin
Charles A. Dauphin (ASB-5833-H65C)
**Dauphin Paris, LLC**
300 Vestavia Parkway, Suite 3400
Vestavia Hills, AL 35216
Phone: 205.979.6019
Email: cdauphin@dauphinparis.com

OF COUNSEL:
David C. Smith, D.C. Bar No. 998932
**Kilpatrick Townsend & Stockton LLP**
607 14th Street, N.W., Suite 900
Washington, D.C. 20005-2018
Phone: 202.508.5865
Email: dcsmith@ktslaw.com
(Admitted *pro hac vice*)

Mark H. Reeves, Georgia Bar No. 141847
**Kilpatrick Townsend & Stockton LLP**
Enterprise Mill
1450 Greene Street, Suite 230

       Augusta, GA 30901
       Phone: 706.823.4206
       Email: mreeves@ktslaw.com
       (Admitted *pro hac vice*)

*Attorneys for Tribal Defendants*

US2008 7550531 1

## Certificate of Service

I hereby certify that on the 4th day of September 2015, I electronically filed the foregoing *Tribal Defendants' Motion to Submit Supplemental Authority in Support Motions to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all; counsel of record in this case.

                                                /s/ Charles A. Dauphin
                                                Counsel