IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action Number: |
| ) | 2:12-cv-01079-MHT-SMD |
| POARCH BAND OF CREEK ) | |
| INDIANS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AUBURN UNIVERSITY'S OPPOSITION IN
PART TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
THIRD AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant Auburn University ("Auburn") opposes in part Plaintiffs' Motion for Leave to File Third Amended and Supplemental Complaint (Doc. 252). Auburn's opposition is limited to certain aspects of Count XXII of the proposed complaint (Doc. 252-1), which is asserted only against Auburn, and to Plaintiffs' inclusion of Auburn − for the first time in the twelve-plus year history of this case − in their demand for recovery of costs and attorneys' fees.

**I.   Count XXII Asserts New Claims and Should be Disallowed Based on Undue and Prejudicial Delay.**

Count XXII should be disallowed in its entirety because of Plaintiffs' inexplicable delay in asserting the claims contained therein and the resulting prejudice to Auburn. In support of its opposition, Auburn adopts the arguments

asserted by the Tribal Defendants in Sections I-III of their opposition filing, Doc. 254 at 2-8.

## II. Certain Claims Included in Count XXII Should be Dismissed Because They are Futile.

As discussed in the Tribal Defendants' opposition filing, Doc. 254 at 8, a district court may deny leave to amend a complaint when the proposed amendment would be futile because it would be subject to dismissal. *Hall v. United Ins. Co., of Am.,* 367 F.3d 1255, 1262-63 (11th Cir. 2004). Two of the claims sought to be included via Count XXII should be disallowed as futile.[1]

### A. If Count XXII Includes an ICRA Claim, the Claim is Futile Because ICRA Does Not Apply to Auburn.

It is not clear that Count XXII is intended to assert a claim against Auburn under the Indian Civil Rights Act, 25 U.S.C. §§ 1301-04 ("ICRA"). That statute is mentioned in the heading to Count XXII but nowhere in the body of the count, which

---

[1] The proposed Count XXII continues rather than ends the Plaintiffs' shotgun pleadings. Titled "Violation of the First Amendment, RFRA, and ICRA (Auburn University)," the count presents a jumble of allegations relating to these three separate causes of action and therefore violates the Eleventh Circuit's prohibition of shotgun pleadings. *See Vujin v. Galbut,* 836 F. App'x 809, 815 (11th Cir. 2020). This is a separate basis for disallowing Count XXII, as discussed in the Tribal Defendants' opposition (Doc. 254 at 11-12), which Auburn adopts. In addition, Plaintiffs' proposed new complaint fails to demand any relief at all on Count XXII. *See* Doc. 252-1 at 130. The count should accordingly be disallowed for failure to comply with Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain… (3) a demand for the relief sought…).

2

invokes exclusively the First Amendment and the Religious Freedom Restoration Act ("RFRA").[2] If Plaintiffs are trying to bring an ICRA claim against Auburn, the effort is futile. ICRA was adopted by Congress to make sure tribal governments respect basic rights of Indians and non-Indians, and by its terms applies only to federally recognized Indian tribes. Further, as pointed out in the Tribal Defendants' opposition, no private right of action exists to enforce ICRA in federal courts except in the habeas corpus context. *See* Doc. 254 at 9-10.

> B. Any First Amendment Claim Would be Futile Because Auburn Has Eleventh Amendment Immunity.

Plaintiffs assert that Auburn's alleged violations of their First Amendment rights were committed under color of federal law. Doc. 252-1, ¶ 565 ("By participating in these federally regulated activities and retaining custody of culturally and religiously significant items, Auburn has acted under color of federal law, making it subject to RFRA and the First Amendment."); *see also* ¶ 561 (alleging Auburn "acted under color of federal law"). The allegation that Auburn is a federal actor exposes the futility of this claim because, even as a federal actor, Auburn would be protected by Eleventh Amendment immunity.

---

[2] It may be that Plaintiffs mistakenly used the same heading that appears for Count XXI, which does attempt to substantively invoke ICRA against other defendants.

The Eleventh Amendment states the "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. As this Court has recognized,

> It has been further established through case law that "[a]lthough the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from law suits brought in federal court by the state's own citizens." *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Furthermore, is it "well-settled that Eleventh Amendment immunity bars suits brought in a federal court when … an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)); *Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981) (holding that an agency of state government is part of the state for Eleventh Amendment purposes).

*Cardwell v. Auburn Univ. Montgomery*, 941 F. Supp. 2d 1322, 1327–28 (M.D. Ala. 2013) (emphasis in the original). Because Auburn is an arm of the State of Alabama, it "enjoys sovereign immunity under the Eleventh Amendment." *Id.* "The question of whether an Alabama university is an agency or instrumentality of the state and thus immune from suit has been answered in the affirmative on a number of occasions." *Price v. Univ. of Ala.*, 318 F. Supp. 2d 1084, 1088 (N.D. Ala. 2003) (citing *Massler v. Troy State Univ.*, 343 So. 2d 1 (Ala. 1977); *Melvin v. Troy University*, 609 F. Supp 3d 1262, 1268 (M.D. Ala. 2022) ("Troy University is an

4

arm of the State of Alabama and therefore enjoys Eleventh Amendment protection.") (Thompson, J.); *Fed. Republic of Nigeria v. Alabama State University*, 604 F. Supp 3d 1312, 1318 (M.D. Ala 2022) ([C]ourts consistently agree that Alabama state universities are arms of the State of Alabama and thus granted Eleventh Amendment immunity.").

Putting aside Auburn's Eleventh Amendment immunity, Plaintiffs' First Amendment claim also is futile because they have no way to bring it. Neither *Bivens* nor 42 U.S.C. §1983 fits their bill.

*Bivens* first. In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. In *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme Court refused to extend *Bivens* beyond individual officers to corporations. *Id.* at 63 ("We decline to so extend *Bivens*."). Driving the Court's decision was the "purpose of Bivens," which "is to deter *individual federal officers* from committing constitutional violations." *Id.* at 70 (emphasis added). Allowing *Bivens*-type suits against corporations would un-do *Bivens'* rationale, because "claimants will focus their collection efforts on it, and not on the individual directly responsible for the alleged injury." *Id.* at 71; *see also id.* ("But Bivens from its inception has been based … on the deterrence of individual officers who commit unconstitutional acts.").

5

Even if institutional entities were susceptible to *Bivens* claims, the Supreme Court has limited First Amendment claims to *retaliation* claims against federal officers. *Bujduveanu v. Dismas Charities, Inc*., 2012 U.S. Dist. Lexis 201739,*47, No. 11-20120-Civ-Seitz/Simonton (U.S. Fla. Feb. 7, 2012) (report and recommendation), adopted 2012 U.S. Dist. Lexis 201734 (Mar. 15, 2012). Plaintiffs have not brought a First Amendment retaliation claim.

A First Amendment §1983 claim would be no less futile than one under *Bivens*, because §1983 applies only to *state* actors, not *federal* actors. *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). As seen above, Plaintiffs have alleged that Auburn is a *federal* actor, and under that allegation it cannot be sued via §1983. An even if that were not the case, Auburn is not a "person" as required for suit under §1983. The U.S. Supreme Court has held that Eleventh Amendment immunity bars § 1983 suits against state governmental entities in federal court due to Congress's lack of clear intent to abrogate Eleventh Amendment immunity for claims brought pursuant to § 1983. *See Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).[3]

---

[3] Absent the First Amendment claim and any ICRA claim, Count XXII would include only a claim against Auburn based on the Religious Freedom Restoration Act (RFRA). Without conceding that it could be a federal actor for purposes of RFRA jurisdiction as alleged in Count XXII, and reserving all rights and arguments in that regard, Auburn will withhold argument against that point, and the RFRA

### III. Plaintiffs' Demand for Attorneys' Fees and Costs Against Auburn Should be Disallowed.

Finally, the Court should disallow Plaintiffs' inclusion of Auburn for the first time in the long history of this action in its demand for attorneys' fees and costs. *See* Doc. 252-1 at 30. Not only is the demand new, it directly contradicts Plaintiffs' statements in their previous complaints. The original 2012 Complaint and the 2013 First Amended Complaint stated that Auburn was included as a "necessary party" only for purposes of relief relating to the disputed cultural items in Auburn's possession. *See* Doc. 1 at 5, ¶15; Doc. 57 at 5, ¶15. And in their 2020 Second Amended and Supplemental Complaint, Doc. 190, Plaintiffs explicitly <u>disclaimed</u> seeking fees and costs against Auburn. *See* id at 79, (d)(iii).

Based on these statements and the express disclaimer, Auburn has throughout the long life of this case represented to external auditors, insurers, and its governing body that no monetary relief is being sought from the institution. It would be prejudicial and fundamentally unfair to allow Plaintiffs to reverse course on this significant issue after more than a decade.

### IV. Conclusion

Count XXII should be disallowed in its entirety because of Plaintiffs' indefensible and prejudicial delay in asserting the claims included in that count and

---

claim generally, until its initial response to the new complaint once it has been allowed and filed.

because it is an impermissible shotgun pleading. If Count XXII is allowed at all, only the RCRA claim should go forward. The First Amendment claim and any ICRA claim should be disallowed as futile. The demand for relief, as it pertains to Auburn and to the extent it seeks recovery of attorneys' fees and costs, should also be disallowed.

Respectfully submitted this 5th day of February, 2025.

*s/ David R. Boyd*
One of the Attorneys for Defendant
Auburn University

**OF COUNSEL:**

| | |
|---|---|
| David R. Boyd (ASB-0717-D52D) | Jaime S. Hammer |
| Dboyd@balch.com | Jsh0073@auburn.edu |
| J. Dorman Walker, Jr. | Morgan M. Sport |
| dwalker@balch.com | mms0116@auburn.edu |
| G. Lane Knight | Auburn University |
| lknight@balch.com | General Counsel |
| Balch & Bingham LLP | 182 S. College Street |
| P.O. Box 78 | 101 Samford Hall |
| Montgomery, Alabama 36101 | Auburn, Alabama 36849 |
| 334-834-6500 | 334-844-5176 |
| 866-736-3854 (fax) | 334-844-4575 (fax) |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

                                      *s/ David R. Boyd*
                                      Of Counsel